UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHERI A. KWASNIEWSKI,

        Plaintiff,

  v.

ANDREW SAUL,[1]

        Defendant.

Case No. 17-cv-1445-pp

---

**ORDER DENYING DEFENDANT'S MOTION FOR REMAND (DKT. NO. 24), GRANTING THE PLAINTIFF'S REQUEST FOR REMAND (DKT. NOS. 1, 25), REVERSING ADMINISTRATIVE LAW JUDGE'S AUGUST 30, 2016 DECISION DENYING BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS UNDER SENTENCE FOUR OF 42 U.S.C. §405(g) AND CONSISTENT WITH THIS ORDER**

---

The plaintiff filed her appeal on October 23, 2017. Dkt. No. 1. Noting that on August 30, 2016, ALJ Bedwell had determined that the plaintiff *was* disabled from August 1, 2012 to the present, the plaintiff asserted that she appealed only the ALJ's determination that she was not disabled between July 23, 2009 and August 1, 2012. Id. at 2. In her brief, the plaintiff argued that the ALJ had erred in three ways in concluding that she was not disabled between July 23, 2009 and August 1, 2012:

- The ALJ did not follow Magistrate Judge Duffin's instruction in the previous remand order to adopt a residual functional capacity

---

[1] When the plaintiff filed her appeal, Nancy Berryhill was acting Commissioner of the Social Security Administration. Because Andrew Saul was sworn in as Commissioner on June 17, 2019, the court has substituted his name as defendant.

1

>       assessment that included restrictions for the plaintiff's mental limitations in persistence, pace and concentration;
>
> - The ALJ did not adopt an RFC that included restrictions on the plaintiff's limitations in her ability to interact with coworkers or supervisors (as opposed to the public); and
>
> - The ALJ's decision at Step 5 was not supported by substantial evidence because his acceptance of the vocational expert's testimony and methodology was not supported by substantial evidence.

Dkt. No. 16.

Rather than filing a brief in response to these arguments (as required by the court's briefing letter of November 13, 2017, dkt. no. 7), the Commissioner filed a motion to remand, dkt. no. 24, along with a proposed order instructing the Appeals Council to remand to an ALJ with instructions to "reevaluate the claimant's mental limitations, reconsider the medical opinion evidence, reassess the claimant's residual functional capacity and, as warranted, obtain evidence from a vocational expert," dkt. no. 24-1.

At a hearing on July 1, 2020, the Commissioner agreed that the court should remand on the first two issues the plaintiff had raised in her brief but did not agree that the court should remand on the third issue. The plaintiff responded that, among other things, in failing to file a response brief, the Commissioner had waived any argument on the third issue.

The court agrees that it was improper for the Commissioner to file his own remand motion after filing the administrative record and after the plaintiff had filed her brief in support. See DeHart v. Colvin, Case No. 15-cv-322, Dkt. No. 28 (E.D. Wis. Jan. 27, 2016); Lenz v. Berryhill, No. 17-C-221, 2018 WL

1226111, at *8, n.2 (E.D. Wis. Mar. 9, 2018). The court also agrees that by filing a motion for remand rather than filing a response brief, the Commissioner waived argument on the question of whether ALJ Bedwell's adoption of the vocational expert's methodology and testimony as to jobs available in substantial number in the national economy was based on substantial evidence.

The court **DENIES** the Commissioner's motion for remand. Dkt. No. 24.

The court **GRANTS** the plaintiff's requests for remand. Dkt. Nos. 16, 25.

The court **ORDERS** that ALJ Bedwell's August 30, 2016 decision is **REVERSED IN PART**, only to the extent that it concluded that the plaintiff was not disabled between July 23, 2009 and August 1, 2012.

The court **FINDS** that ALJ Bedwell failed to comply with Judge Duffin's order to adopt a residual functional capacity assessment that reflected the plaintiff's limitations on concentration, persistence and pace.

The court **FINDS** that ALJ Bedwell failed to adopt a residual functional capacity assessment that reflected the plaintiff's limitations on interactions with coworkers and supervisors.

The court **FINDS** that ALJ Bedwell's finding that the positions described in the Dictionary of Occupational Titles as "document preparer, microfilming" and "addresser" existed in significant numbers in the national economy was not supported by substantial evidence.

The court **ORDERS** that this case is **REMANDED** for further proceedings under Sentence Four of 42 U.S.C. §405(g) and consistent with this order.

Dated in Milwaukee, Wisconsin this 14th day of July, 2020.

                        **BY THE COURT:**

                        _____
                        **HON. PAMELA PEPPER**
                        **Chief United States District Judge**

4

Case 2:17-cv-01445-PP   Filed 07/14/20   Page 4 of 4   Document 33